## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**MICHEAL TYRONE JOSEPH JOYCE**                    **PLAINTIFF**
**#150227**

**v.**                    **No: 4:25-cv-01074 LPR/PSH**

**WELLPATH SF HOLD CO LLC,** *et al.*                    **DEFENDANTS**

## <u>ORDER</u>

On June 11, 2026, Defendant Aundrea Culclager ("Defendant") filed a Motion for Summary Judgment together with a Brief in Support and Statement of Material Undisputed Facts (Doc. Nos. 26 - 28) seeking to dismiss Plaintiff Micheal Tyrone Joseph Joyce's claims against her based on his alleged failure to exhaust available administrative remedies. Joyce now has an opportunity to file a response opposing the motion. To be considered, the response must be filed within twenty-eight days of this order's entry date.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). Accordingly, Joyce's response must include legal arguments as well as evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Such evidence may include declarations or notarized affidavits that he or others have signed. Affidavits and declarations are sworn statements that are made under

penalty of perjury (*see* 28 U.S.C. § 1746). Unsworn statements will not be considered in deciding the motion for summary judgment. And to be considered, an affidavit or declaration must be based on personal knowledge of the person who signs it.

If Joyce files a response, he must also file a <u>separate</u>, short statement which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in the defendant's statement of undisputed facts; and (b) any other disputed facts that he believes must be resolved at a hearing or trial. *See* Local Rule 56.1, Rules of the United States District Court for the Eastern District of Arkansas. If Joyce disputes any of the facts set forth in the Defendant's statement of undisputed facts, he must identify each numbered paragraph that contains the facts he disputes and, for each paragraph, explain why he disputes those facts.

Finally, Joyce is advised that if he intends to rely upon grievances or records that have been filed with the Court previously, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Joyce's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

Joyce may file a response to the Defendant's motion for summary judgment along with a separate statement of disputed facts that complies with Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order within twenty-eight days.  While Joyce is not required to file a response to the motion for summary judgment, if he does not respond, the facts set forth in the Defendant's statements of facts may be deemed admitted by Joyce, pursuant to Local Rule 56.1(c).

IT IS SO ORDERED this 16th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE